YOU RECENTLY MADE INQUIRY TO THIS OFFICE AS TO WHETHER THE GOVERNOR HAS AUTHORITY BY EXECUTIVE ORDER TO BRING UNCLASSIFIED EMPLOYEES WHO WERE APPOINTED BY GOVERNOR'S LETTER UNDER THE MERIT SYSTEM?
FACTS
ON JANUARY 3, 1991, GOVERNOR BELLMON SIGNED EXECUTIVE ORDER 91-1. THE ORDER PURPORTS TO PLACE ALL EMPLOYEES OF THE HIGH AY SAFETY DIVISION OF THE OKLAHOMA DEPARTMENT OF TRANSPORTATION UNDER THE MERIT SYSTEM, PURSUANT TO 74 O.S. 840.1 (1990). THE GOVERNOR S AUTHORITY TO PLACE AGENCIES UNDER THE MERIT SYSTEM MAY BE FOUND IN THE OKLAHOMA PERSONNEL ACT, 74 O.S. 840.3 WHICH PROVIDES:
 ". . . THE GOVERNOR . . . IS HEREBY EMPOWERED AND AUTHORIZED, AT HIS DISCRETION, BY AN EXECUTIVE ORDER, TO PLACE ANY AGENCY OR DEPARTMENT OF THE STATE GOVERNMENT, AND THE EMPLOYEES THEREOF, WITH EXEMPT POSITIONS AS STIPULATED BY SAID ORDER, UNDER THE MERIT SYSTEM OF PERSONNEL ADMINISTRATION. . . . THIS SECTION SHALL NOT AUTHORIZE BY EXECUTIVE ORDER THE REMOVAL OF ANY AGENCY OR DEPARTMENT OF STATE GOVERNMENT PLACED UNDER THE MERIT SYSTEM. . . .
NOTWITHSTANDING ANY PROVISION TO THE CONTRARY, THIS ACT SHALL NOT BE EXTENDED TO ANY DEPARTMENT OR AGENCY OR EMPLOYEE, EXCEPT IN THE MANNER AND AS PROVIDED IN THIS SECTION. . . ."
CONFUSION ARISES AS TO THE LEGAL EFFECT OF EXECUTIVE ORDER 91-1 BECAUSE OF A PREVIOUS EXECUTIVE ORDER ISSUED MARCH 3, 1970, BY GOVERNOR BARTLETT PLACING THE HIGHWAY SAFETY PROGRAM UNDER THE MERIT SYSTEM OF PERSONNEL ADMINISTRATION PURSUANT TO 74 O.S. 801/74 O.S. 819 (1951); AND THE FOLLOWING THREE POSITIONS WERE EXEMPTED BY GOVERNOR BARTLETT: THE GOVERNOR'S REPRESENTATIVE, HIS EXECUTIVE SECRETARY, AND THE ASSISTANT COORDINATOR.
ANALYSIS
IN 1976 THE LEGISLATURE CREATED THE DEPARTMENT OF TRANSPORTATION AND ABOLISHED THE DEPARTMENT OF HIGHWAYS, THE HIGHWAY SAFETY COORDINATING COMMITTEE AND THE RAILROAD MAINTENANCE AUTHORITY (69 O.S. 4001/69 O.S. 4014 (1969)). FURTHER, THE POWERS, DUTIES AND RESPONSIBILITIES EXERCISED BY THESE ABOLISHED ENTITIES WERE TRANSFERRED TO THE NEW DEPARTMENT OF TRANSPORTATION, INCLUDING ALL NEW POWERS, DUTIES, FUNCTIONS, RECORDS, EMPLOYEES, PROPERTY, MATTERS PENDING AND FUNDS OF THE ABOLISHED AGENCIES. THE ACT FURTHER DIVIDED THE NEW DEPARTMENT OF TRANSPORTATION INTO EIGHT DIVISIONS, INCLUDING "THE DIVISION OF HIGHWAY SAFETY."
NO NEW EXECUTIVE ORDER WAS ISSUED BRINGING THE NEW DEPARTMENT OF TRANSPORTATION WITHIN THE MERIT SYSTEM. HOWEVER, IT APPEARS IMPLICIT IN THE LEGISLATION THAT THE LEGISLATURE INTENDED THE EMPLOYEE POSITIONS OF THE NEW DEPARTMENT OF TRANSPORTATION TO CONTINUE TO BE MERIT SYSTEM POSITIONS BECAUSE THE ACT TRANSFERRED THE EMPLOYEES AND THE POWERS, DUTIES, AND THE RESPONSIBILITIES OF THE ABOLISHED AGENCIES TO THE NEW DEPARTMENT OF TRANSPORTATION.
FURTHER, THE ACT PROVIDED THAT IT SHALL NOT AFFECT THE STATUS AND RIGHTS ACCRUED UNDER THE MERIT SYSTEM TO STATE EMPLOYEES WHO BECAME EMPLOYEES OF THE NEW DEPARTMENT OF TRANSPORTATION BY OPERATION OF THE ACT; AND EACH OF THE AGENCIES MERGED HAD PREVIOUSLY BEEN PLACED WITHIN THE MERIT SYSTEM BY EXECUTIVE ORDERS. THIS INTERPRETATION HAS BEEN ADMINISTRATIVELY FOLLOWED SINCE THE TRANSFER IN 1976.
IN RECENT YEARS, THE LEGISLATURE HAS DEVELOPED A TECHNIQUE TO DESIGNATE CERTAIN POSITIONS WITHIN STATE GOVERNMENT AS COMPRISING THE EXEMPT UNCLASSIFIED SERVICE. THIS HAS BEEN COMMONLY REFERRED TO BY PERSONNEL OFFICERS AS "THE CATALOG" AND MAY BE FOUND IN 74 O.S. 840.8 (1990). ALTHOUGH IT IS NOT A COMPLETE LISTING OF UNCLASSIFIED POSITIONS, IT IS VERY COMPREHENSIVE. THE LEGISLATURE ANNUALLY REVIEWS THIS LISTING AND HAS MADE MODIFICATIONS TO IT EACH YEAR.
THIS CATALOG INCLUDES, IN PART, WITHIN THE UNCLASSIFIED SERVICE THE FOLLOWING OFFICERS, POSITIONS AND PERSONNEL:
 "6." PERSONS EMPLOYED IN A PROFESSIONAL OR SCIENTIFIC CAPACITY TO MAKE OR CONDUCT A TEMPORARY AND SPECIAL INQUIRY, INVESTIGATION, OR EXAMINATION ON BEHALF OF THE LEGISLATURE OR A COMMITTEE THEREOF OR BY AUTHORITY OF THE GOVERNOR. N (74 O.S. 840.8-6).
OVER THE YEARS, THE HIGHWAY SAFETY DIVISION HAS MADE NUMEROUS PERSONNEL APPOINTMENTS AUTHORIZED BY VARIOUS GOVERNORS PURSUANT TO THIS AUTHORITY. AN INQUIRY HAS BEEN MADE AS TO WHETHER PERSONNEL APPOINTED PURSUANT TO THIS AUTHORITY AND EMPLOYED ON JANUARY 3, 1991, WOULD BY OPERATION OF EXECUTIVE ORDER 91-1 BE PLACED UNDER THE MERIT SYSTEM. IN OTHER WORDS, MAY A GOVERNOR BY EXECUTIVE ORDER PLACE PERSONNEL POSITIONS UNDER THE MERIT SYSTEM NOTWITHSTANDING THE LEGISLATURE HAS STATUTORILY DESIGNATED SAID POSITION TO BE A PART OF THE EXEMPT UNCLASSIFIED SERVICE?
THE AUTHORITY OF A GOVERNOR TO PLACE "ANY AGENCY OR DEPARTMENT OF THE STATE GOVERNMENT, AND THE EMPLOYEES THEREOF, WITH EXEMPT POSITIONS AS STIPULATED BY SAID ORDER," WITHIN THE MERIT SYSTEM IS NOT A CONSTITUTIONAL POWER INHERENT TO THE GOVERNOR, RATHER IT HAS BEEN GRANTED TO HIM AS EXECUTIVE BY THE LEGISLATURE. (74 O.S. 840.3) SIMILARLY, THE POWER OF A GOVERNOR TO AUTHORIZE AGENCIES TO EMPLOY PERSONS OUTSIDE THE MERIT SYSTEM IN A PROFESSIONAL OR SCIENTIFIC CAPACITY TO MAKE OR CONDUCT TEMPORARY AND SPECIAL INQUIRY IS DERIVED FROM THE LEGISLATURE (74 O.S. 840.8-6). THEREFORE, IT IS NECESSARY TO CONSTRUE THE GOVERNOR'S AUTHORITY RECEIVED FROM 74 O.S. 840.3 IN HARMONY WITH THE LEGISLATURE'S DESIGNATION OF UNCLASSIFIED POSITIONS AS FOUND IN SECTION 840.8 AND OTHERS. TO BE CONSISTENT ONE MUST CONCLUDE THAT THE LEGISLATURE MAY DESIGNATE BY STATUTE CERTAIN POSITIONS WHICH SHALL BE UNCLASSIFIED AND PREEMPT ITS GENERAL GRANT OF AUTHORITY TO THE GOVERNOR, THEREBY NOT ALLOWING HIM TO PLACE THOSE CERTAIN POSITIONS WITHIN THE MERIT SYSTEM.
CONCLUSION
IT IS THE OPINION OF THE UNDERSIGNED THAT THE GOVERNOR BY EXECUTIVE ORDER MAY NOT PLACE UNDER THE MERIT SYSTEM UNCLASSIFIED EMPLOYEES APPOINTED BY THE GOVERNOR'S AUTHORITY IN A PROFESSIONAL OR SCIENTIFIC CAPACITY PURSUANT TO 74 O.S. 840.8(6). THAT THE LEGISLATURE BY SPECIFIC PROVISION PROVIDED THAT SAID POSITIONS SHALL BE PART OF THE UNCLASSIFIED SERVICE WHICH IN THIS INSTANCE PREVAILS OVER THE GENERAL GRANT OF AUTHORITY TO THE GOVERNOR IN 74 O.S. 840.3 TO PLACE AGENCY AND DEPARTMENTS UNDER THE MERIT SYSTEM. THEREFORE, EXECUTIVE ORDER 91-1 HAD NO LAWFUL EFFECT AS TO POSITIONS AND PERSONNEL APPOINTED BY A "GOVERNOR'S APPOINTMENT LETTER AUTHORIZING THE HIGHWAY SAFETY DIVISION TO EMPLOY PERSONNEL PURSUANT TO SUBSECTION 6 OF SECTION 840.8; AND ANY SUCH EMPLOYEES REMAIN PART OF THE UNCLASSIFIED SERVICE.
(JOHN M. CRITTENDEN)